FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

2014 FEB 11 P 2: 02

US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| ECKERD CORPORATION, ) <br> a DELAWARE corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> W.O. ISGETT SR, ) <br> SHIRLEY A. ISGETT, ) <br> ) <br> Defendants. ) <br> ) <br> SERVE: ) <br> ) <br> W.O. Isgett Sr. ) <br> Shirley A. Isgett ) <br> 211 Quaker Rd. ) <br> Quinton, VA 23141-2032 ) <br> ) | Civil Action No. 3:14CV096 |

## ECKERD CORPORATION'S COMPLAINT

Plaintiff, Eckerd Corporation ("Eckerd"), by and through its undersigned counsel, files this Complaint for breach of contract, unjust enrichment, and quantum meruit and avers the following:

### PARTIES

1.   Eckerd is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business is in Camp Hill, Pennsylvania.

2.   W.O. Isgett Sr. and Shirley Ann Isgett (collectively the "Isgetts") are husband and wife, and individuals. The Isgetts are domiciled in Quinton, Virginia.

-1-

#23586332 v1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties based on diversity of citizenship and the amount in controversy is over $75,000 pursuant to 28 U.S.C. § 1332.

4. Venue lies under 28 U.S.C. § 1391(a).

## STATEMENT OF FACTS

5. Eckerd is a drug store chain in the United States and has approximately 4,600 stores in 31 states and the District of Columbia.

6. Eckerd enters into contracts with property owners and contractors in order to open new stores and expand its business operations. One of the contracts that Eckerd entered into was with the Isgetts.

7. The Isgetts own three (3) parcels of property in Quinton, Virginia; the GPIN numbers are J05-0144-3349, J05-0187-3815, and J05-0047-3940 (the "Isgett Property"). Eckerd owns an adjacent parcel of land, GPIN number J04-4080-3461, which sits in the middle of two of the Isgetts' parcels that comprise the Isgett Property.

8. On April 3, 2008, the Isgetts entered into a Development and Easement Agreement with Eckerd, as successor to Area Development Group, Inc., and GPM Investments L.L.C. On February 26, 2010, the Isgetts and Eckerd entered into an Addendum to Development Agreement (collectively the "Development Agreement").

9. Eckerd entered into the Development Agreement with the Isgetts to complete an Eckerd pharmacy on its parcel.

10. Section 5 of the Development Agreement is entitled "Construction of the

Road and Common Utility Facilities."

11. Under Section 5.1 of the Development Agreement entitled "The Road and Common Utility Facilities" the Development Agreement Provides that Eckerd shall "develop and construct the Main Road, the Common Utilities, the Common Utility Facilities, and the Additional Improvements." (collectively the "Infrastructure Work").

12. Under Section 5.3 of the Development Agreement entitled "Cost Allocation" the Development Agreement provides that "[t]he cost and expense of constructing the Infrastructure Work (including without limitation, the cost of Additional Improvements that are not listed in the Preliminary Budget) shall be allocated between the parties in accordance with the allocation percentages in the Development Points as more particularly delineated in the Preliminary Budget."

13. Further, under Section 5.2 of the Development Agreement it is provided that Eckerd would send statements to the Isgetts that indicated their share of the costs and that the Isgetts were to pay Eckerd within fifteen (15) days after the date of the statement.

14. Eckerd sent the Isgetts five (5) statements pursuant to Section 5.2 of the Development Agreement.

15. On January 17, 2013 Eckerd sent the first statement consisting of invoice 1 and 2 to the Isgetts for $85,166.11. Payment in full was received by Eckerd on March 11, 2013.

16. On March 20, 2013 Eckerd sent the second statement to the Isgetts for $99,642.99. A letter accompanying the statement provided that there was change order work on

the statement. Payment in full was received by Eckerd on April 17, 2013.

17. On June 5, 2013 Eckerd sent its third statement to the Isgetts for $93,810.09. A letter accompanying the statement provided that there was change order work on the statement. The Isgetts did not pay this statement.

18. On July 31, 2013 Eckerd sent its fourth statement to the Isgetts for $185,155.82. A letter accompanying the statement provided that there was change order work on the statement. The Isgetts did not pay this invoice.

19. On January 14, 2014 Eckerd sent its fifth and final statement to the Isgetts for $3,235.64. The Isgetts have not yet paid this statement.

20. On January 22, 2014, Eckerd sent a letter to the Isgetts requesting that the Isgetts pay their outstanding balance of $282,201.55 by February 6, 2014. The Isgetts did not pay the outstanding balance.

21. Section 8.1 of The Development Agreement entitled "Breach by any party" provides that if a default is not substantially cured with in fifteen (15) days the non-defaulting party can pursue all legal and equitable rights and remedies. Additionally, the non-defaulting party is entitled to reasonable costs of collection, a late charge equal to twelve percent (12%) per annum, and reasonable attorney's fees.

## COUNT I BREACH OF CONTRACT

22. Eckerd realleges and incorporates the allegations of paragraphs 1-21.

23. Eckerd entered into a contract with the Isgetts that provided that the costs of the infrastructure plans would be allocated between the parties to the Development

Agreement.

24. The Isgetts breached their contract with Eckerd by failing to pay the third, fourth, and fifth statements.

25. The Isgetts agreed to pay for Additional Improvements that were not listed in the Preliminary Budget. The Isgetts breached their contract with Eckerd by failing to pay for the Additional Improvements that were on the third, fourth and fifth statements as indicated by the change order work in these statements.

26. The Isgetts by paying the second statement that had change order work in it waived any possible right to object to not paying for change order work.

27. As a direct and proximate result of the Isgetts' breach of contract, Eckerd has been substantially damaged.

28. As a result of the failing to abide by the cost allocation agreements outlined in Section 5.2 and failing to pay Eckerd for the Infrastructure Work that Eckerd performed under the Development Agreement, the Isgetts breached its contract with Eckerd by failing to cure the default with in fifteen (15) days and Eckerd is entitled to the $282,201.55 plus reasonable costs of collection, a late charge equal to twelve percent (12%) per annum, and reasonable attorney's fees as specified by the Development Agreement.

## COUNT II UNJUST ENRICHMENT

29. Eckerd realleges and incorporates the allegations of paragraphs 1-28.

30. The Development Agreement provides that the Isgetts would reimburse Eckerd for work or services in connection with implementing the Infrastructure Work.

31. When the Isgetts failed to pay the third, fourth, and fifth invoice they received Infrastructure Work to the Isgett Property, but never reimbursed Eckerd for the cost of the infrastructure work. Consequently, the Isgetts retained $282,201.55 in improvements to its property.

32. The Isgetts were unjustly enriched because the Isgetts received the Infrastructure Work that enhanced the Isgett Property, but did not reimburse Eckerd. Subsequently, the Isgetts now have the benefit provided by the Infrastructure Work on the Isgett Property.

33. As a result of the enrichment that Eckerd provided to the Isgett Property, the Isgetts are required to pay the reimbursement costs to Eckerd for any and all amounts relating to the Infrastructure Work performed under the Development Agreement. The reasonable costs are $282,201.55.

## COUNT III QUANTUM MERUIT

34. Eckerd realleges and incorporates the allegations of paragraphs 1-33.

35. The Isgetts have received the benefit of Eckerd's infrastructure work to the Isgett Property, including but not limited to road construction and utility services.

36. The Isgetts have no right to retain the benefits provided by Eckerd under the Development Agreement, and should not be permitted to retain those benefits without making payment to Eckerd for the Infrastructure Work on the Isgett Property and all related costs.

37. Eckerd is entitled to recover those benefits from the Isgetts in the amount

of $282,201.55, which is the value of the outstanding invoices for the infrastructure work performed on the Isgett Property, plus interests and costs.

WHEREFORE, Eckerd respectfully requests that judgment be entered in its favor and against defendant the Isgetts and it be awarded $282,201.55 plus any and all costs, including but not limited reasonable costs of collection, a late charge equal to twelve percent (12%) per annum, and attorney's fees, plus any other relief this Court deemed just.

Dated: February 10, 2014

Eckerd Corporation
By Counsel

_____
Matthew D. Foster, VA Bar No. 72130
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
Telephone: 202.220.1200
Facsimile: 202.220.1665

Attorney for Plaintiff